MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2710
Fax Number : (212) 637-2717

JUDGE KARAS



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

            Plaintiff,

    - v. -

GENE MORETTI,

            Defendant.
------------------------------------------------------------x

VERIFIED COMPLAINT

08 Civ.

        Plaintiff United States of America (the "United States"), by and through its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, alleges upon information and belief that:

        1.    Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1345.

        2.    Defendant Gene Moretti (the "defendant") resides at 11 Bronx River Road, Yonkers, New York 10704, within the Southern District of New York.

### FIRST CAUSE OF ACTION

        3.    Defendant applied for and received a student loan from the lender whose name is set out in the defendant's promissory note(s) evidencing the loan, copies of which are annexed hereto as Exhibit A and incorporated herein.

4.  Defendant defaulted on said note(s) and owes the amount said note(s) and interest.

5.  The United States is the assignee and present holder of said note(s).

6.  The amount due and owing plaintiff by defendant on said note(s) is $2,995.75, plus interest in the amount of $3,459.17, as of August 4, 2008, with interest accruing thereafter at the rate of 8.00 percent per annum. A Certificate of Indebtedness from the United States Department of Education is annexed hereto as Exhibit B and incorporated herein.

## SECOND CAUSE OF ACTION

7.  Plaintiff repeats and realleges the allegations contained in paragraphs numbered one through six.

8.  Plaintiff insured the aforementioned note(s) pursuant to Title IV of the Higher Education Act of 1965, Public Law 89-329.

9.  The lender made an insurance claim on the United States for the amount of the lender's loss arising from the defendant's default on said note(s), which claim has been paid by the United States to the lender.

10. Plaintiff is entitled to be indemnified by defendant in the amount of $6,454.92 as of August 4, 2008, with interest accruing thereafter at the rate of 8.00 cent per annum.

WHEREFORE, plaintiff demands judgment against defendant in the amount of $6,454.92 plus interest as provided by law to the date of judgment and interest from the date of judgment at the legal rate until paid in full, together with costs and disbursements and for such other and further relief as this Court deems just and proper.

Dated: New York, New York

August 4, 2008

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        Attorney for the Plaintiff

By: _____
        KATHLEEN A. ZEBROWSKI
        Assistant United States Attorney
        86 Chambers Street
        New York, New York 10007
        Telephone No.: (212) 637-2710

## VERIFICATION

STATE OF NEW YORK )
COUNTY OF NEW YORK ) : ss.:
SOUTHERN DISTRICT OF NEW YORK )

KATHLEEN A. ZEBROWSKI, being duly sworn, deposes and says that she is an Assistant United States Attorney in the office of Michael J. Garcia, United States Attorney for the Southern District of New York, that she has read the foregoing complaint, and that the same is true and accurate to the best of her knowledge and belief.

KATHLEEN A. ZEBROWSKI
Assistant United States Attorney

Sworn to before me this 4th day of August, 2008

NOTARY PUBLIC

KATHY TAYLOR
Notary Public, State of New York
No. 01TA5071230
Qualified in Kings County
Commission Expires May 5, 2011

# STUDENT LOAN APPLICATION
HE 100 (11/86)

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which include fines or imprisonment under the U.S. Criminal Code and USC 1097.

NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION

AUG 12 198[7]

4no 091 08 29 0116

**IMPORTANT: TURN OVER AND READ INSTRUCTIONS CAREFULLY BEFORE COMPLETING — PRINT CAREFULLY**

1. Social Security Number: * 222 * 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
HESC USE ONLY: * 5
2. Birth date: 05 / 15 / 69
3. Area Code/Phone Number: (914) 632-1686
4. U.S. Citizenship Status: [X] 1 Citizen   [ ] 2 Eligible Non-citizen
Alien Registration Number: ____

5. Have you been a legal resident of NYS for 12 months immediately prior to the beginning of the academic period of this loan? [X] YES  [ ] NO

7. Name: (Last) MORETTI  (First) GENE  (M.I.) L
8. Are You Applying For (Check one):
[ ] 1 GSL ONLY   [X] 2 GSL AND SLS(ALAS)   [ ] 3 SLS(ALAS) ONLY

9. Permanent Home Address — Number and Street: 70 PARKVIEW DR
City: BRONXVILLE  State: NY  Zip Code: 10708

10. REQUESTED LOAN AMOUNT: $ ____

11. Do you currently have a student loan guaranteed by New York State? (NYHEAC or NYSHESC)  [ ] 1 Yes  [X] 2 No

12. Have you received a Guaranteed Student Loan or SLS(ALAS) Loan from another State or Agency?  [ ] 1 Yes  [X] 2 No

| | Name of State or Agency | Amount borrowed from other State or Agency during this academic period | Total Amount owed | Interest Rate |
|---|---|---|---|---|
| GSL | | * | * | * % |
| SLS (ALAS) | | * | * | |

## Promissory Note for a Student Loan Guaranteed by NYSHESC

15. TWO THOUSAND SIX HUNDRED DOLLARS   $ 2,600.00

16. Student Borrower Signature: *Gene Louis Moretti*
17. Date: Aug 9, 1987

**NOTICE TO STUDENT:** Terms of the Promissory Note continue on the reverse side.

18. NYSHESC SCHOOL CODE (USE STAMP): * 3080032
Saint Leo College

20. ANTICIPATED DATE OF PROGRAM COMPLETION: Month 04 / Year 91

21. DEPENDENCY STATUS: [ ] 1 Independent  [X] 2 Dependent
22. CLASS YEAR (Check only one) — Undergraduate or equivalent: [X] 2 So  [ ] 3 Jr  [ ] 4 Sr  [ ] 5 5yr — Graduate or Professional: [ ] 6 1yr [ ] 7 2yr [ ] 8 3yr [ ] 9 4yr [ ] 0 5yr
23. ACADEMIC PERIOD OF LOAN: From 9/87 To 4/88

24. Adjusted Gross Income: $ 18,222
25. Estimated Cost of Attendance for Loan Period: $ 10,480
26. Estimated Financial Aid for Loan Period: $ 1000
27. Expected Family Contribution: $ 2200
28. Enrollment Status: [X] Full-time  [ ] Half-time

Signature of Authorized School Official: *M. Hummerick*
Print name: M. Hummerick

31. DATE: Mo 8 / 13 / 87

32. NYSHESC LENDER CODE: * 006700
35. AMOUNT LENDER APPROVES: * $ ____

## Additional Terms of the Promissory Note for a Student Loan Guaranteed by NYSHESC

**II. Date Note Comes Due.** I will repay this loan: 1) in periodic installments during a repayment period that will begin no later than the end of my grace period on a GSL or immediately on an SLS loan (formerly ALAS); or 2) in full immediately if I fail to enroll and attend the school which certified my application for the academic period intended (SLS loans will not be eligible for a grace period); 3) immediately in full, if this loan was made or guaranteed in error or in reliance upon a false statement. My grace period on a GSL is that period of time which begins when either I leave school or stop carrying, at an eligible school approved by the United States Department of Education, at least one-half the normal full-time academic work load required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During the grace period I may request that the grace period be shortened and the repayment period begin earlier.

**III. Interest.** I agree to pay an amount equivalent to simple interest at the rate described below on the unpaid principal balance from disbursal until paid in full, with the understanding that you will not attempt to collect from me any interest payable on my behalf by the state or federal governments. The loan disclosure statement which will be sent to me upon loan approval will identify the rate of interest and whether the government will pay any of it for me. I understand that this application may be used for both GSL and SLS loans, that the interest terms for such loans are different, and are determined according to the following rules established by law: 1) GSL: If I have GSL loans currently outstanding, the interest rate will be the same as on my outstanding GSL loans (7%, 8%, or 9%). If I have no GSL loans outstanding, the interest rate on this loan will be 8%. If I have no GSL loans outstanding and this loan is made for a period of enrollment beginning on or after July 1, 1988, the interest rate will increase from 8% to 10% after the fourth year of the repayment period. 2) SLS (formerly ALAS): The interest rate on an SLS loan is 12%, or at the election of myself and my lender a variable rate on all of my SLS loans not to exceed 12%, plus $100.00 per loan for refinancing. If this loan is made for a period of enrollment beginning on or after July 1, 1987 then the interest rate will be a variable rate not to exceed 12%. Variable rates change January first of each year the loan is outstanding and will equal the average of the bond equivalent rates of 91-day Treasury Bills auctioned during the year ending November 30 preceding the change, plus 3.75%. At the option of the lender either the amount of the monthly payment or the length of the repayment period will be adjusted in order to reflect changes in the interest rate.

I will pay interest as part of my regular monthly payment, or quarterly or by capitalization during in-school and deferment periods if the government does not pay it for me. Capitalization means adding interest which is due to principal. If the government pays the interest while I am in school, then it will also pay interest during periods of deferment described under Paragraph VIII of this note.

**IV. Origination and Insurance Fees.** I will pay you an origination fee on a GSL as authorized by federal law not to exceed 5% of the amount loaned to me as identified on the Notice of Loan Guarantee and Disclosure Statement. I will pay to the lender an amount equal to the fee that the lender is required to pay to the guarantee agency to obtain insurance coverage on this loan. If the lender does not withhold this premium from the principal amount of the loan and I have not already paid the premium, I will pay the premium when the lender bills me separately for it. The origination fee and the insurance premium may both be deducted from the proceeds of my loan.

**V. Default.** Default occurs when I fail to make an installment payment when due, or to meet other terms of the Application and Promissory Note under circumstances where NYSHESC finds it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that my failure persists for (a) 180 days if I repay in monthly installments, or (b) 240 days if I repay in installments due less frequently. If I default, my lender will ask NYSHESC to purchase my loan, at which time I will owe the entire balance of the loan to NYSHESC directly, and I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed Student Loans, Supplemental Student Loans (SLS), PLUS Loans or Consolidation Loans. If I should make any assignment for the benefit of creditors, or if any bankruptcy proceedings be commenced by or against me, then the holder of the note or NYSHESC may, at its option, accelerate the maturity of all payments due hereunder, in which event the entire unpaid balance of this note plus accrued interest and other late charges or default charges (Section VI) shall become immediately due and payable. In the event that bankruptcy proceedings are commenced by or against me, I specifically agree to notify NYSHESC of such occurrence in writing within twenty (20) days of the filing of a petition.

**VI. Default and Late Charges.** I agree to pay, in the event of default, reasonable attorneys fees plus costs and other charges necessary to collect any amount not paid when due. If I fail to make a monthly payment within 10 days of its due date, the lender may assess a late charge not to exceed 5% of the late payment or $5.00 whichever is less.

**VII. Additional Agreements.** 1) The proceeds of this loan will be used only for my educational expenses at the school indicated in Part B of my application; 2) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me; 3) Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. 4) If NYSHESC is required under its guarantee to repay my loan(s) because I have defaulted, NYSHESC will have all rights of the original lender to recover on this note or under the guarantee; 5) I understand that I must repay this Note even though I may be under 18 years of age; 6) If I am unable to make the scheduled payments for reason of hardship, I may at the discretion of the lender be eligible for forbearance on the repayment of my loan(s) as provided for in the NYSHESC regulations; 7) If I go into default on this loan I agree to be sued in Albany County, New York; 8) In this Note the words, I, me, and my mean the borrower identified in item 7 of Part A of the Application. You, your and yours mean the lender and any other owner of the Note.

**VIII. Deferment.** You will let me pay interest only if such interest is not paid by the United States Government and let me defer making principal payments on this Note as provided below if my repayment period has begun, I am not in default, and I can provide you with written evidence that I qualify for the deferment: 1) While I am enrolled a) at a participating school in full-time study as determined by that school, however, to obtain a deferment to attend a school not located in the United States, I must be a citizen or national of the United States; or b) in a graduate fellowship program approved by the Secretary of Education; or c) in a rehabilitation training program for disabled individuals approved by the Secretary of Education or d) as a full-time student at an institution of higher education or vocational school which is operated by an agency of the United States Government 2) For periods not exceeding 3 years for each of the following while I am a) on active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service; or b) serving as a Peace Corps volunteer; or c) serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (e.g. VISTA); or d) providing service as a full-time volunteer for an organization exempt from Federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service performed in the Peace Corps or ACTION programs; e) temporarily totally disabled, as established by affidavit of a qualified physician, or f) unable to work because I am providing care required by a spouse who is temporarily totally disabled as established by affidavit of a qualified physician. 3) For a period not exceeding 2 years while I am serving an internship that the Secretary of Education has determined is needed to gain professional recognition required to begin professional practice or service; 4) For a maximum aggregate of twenty four months while I am conscientiously seeking but unable to find full-time employment in the United States. If I am a new borrower for a period of enrollment beginning on or after July 1, 1987, the following deferments are also available: 1) While I am enrolled at a participating school in at least half-time study as determined by that school if I obtain a loan under Part B of Title IV of the Higher Education Act during such period of enrollment; 2) For periods not exceeding three years during which I am (a) an active duty member of the National Oceanic and Atmospheric Administration Corps; or (b) during which I am engaged as a full-time teacher in a public or private elementary or secondary school in a teacher shortage area established by the United States Secretary of Education; or (c) during which I am unable to secure employment by reason of the care required by a dependent who is temporarily and totally disabled; 3) For a period not in excess of six months for parental leave; 4) For a period not in excess of twelve months for mothers of pre-school age children entering or re-entering the work force and who are compensated at a rate not in excess of $1.00 more than the minimum wage prescribed by Section 6 of the Fair Labor Standards Act of 1938.

**IX. Repayment.** I will repay the total amount of this Promissory Note with interest in periodic installments unless the whole loan becomes due and payable as described in Paragraph II, "Date Note Comes Due" (item 2) or Paragraph V, "Default". I agree to notify in writing the lender or NYSHESC immediately when I leave school, drop to less than half-time, or fail to enroll for the academic period in the school for which the loan was made. I understand you will send to me a Repayment Schedule which shows the particular repayment terms that will become part of this Promissory Note. The Repayment Schedule may include all loans I have received from you under the NYSHESC GSL or SLS Programs. I understand that this is not a demand instrument and my obligation to begin timely repayment of principal and interest will not be forgiven for any reason, including lender or NYSHESC error except upon consent of NYSHESC.

The Repayment Schedule will require me to make monthly payments for a period of not less than 5 nor more than 10 years after this Note becomes due not counting periods for which I am granted any authorized deferment outlined in Deferment Paragraph VIII or forbearance. At my option, I may agree to a repayment period that is shorter than 5 years, however, I may at a later time have the repayment period extended so that the total repayment period is not less than 5 years. On loans disbursed on or after October 1, 1981 the total payments for any year of the repayment period on all loans received under Title IV, Part B of the Higher Education Act of 1965 as amended shall not be less than $600 per year including payments by my spouse on any loan under such loan programs (or the balance of all such loans plus accrued interest if less than $600) even though this may result in a repayment period shorter than 5 years.

**X. Prepayment.** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification.** Pursuant to law, you will report the following information concerning this loan to credit reporting agencies: 1) the total amount of loans made to any borrower under this part and the remaining balance of the loans; 2) information concerning the date and amount of any default and subsequent collection activity including the status of any defaulted loan upon which payments have been made; 3) the date of cancellation of the loan for any reason established by law for such cancellation including death, permanent and total disability, and bankruptcy.

### Borrower Certification

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Part A of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, NYSHESC, U.S. Department of Education, or their agents any requested information pertinent to this loan (e.g. employment, enrollment status, current address). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application, as described in item 8. I understand that I must immediately repay any funds which I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at the school for the loan period listed in item 23 of this application. I certify that the total amount I shall receive under the Higher Education Act of 1965, Title IV, Part B as amended will not exceed the allowable maximums. Further I certify that I do not owe a repayment on a Pell Grant, Supplemental Educational Opportunity Grant or State Student Incentive Grant and am not now in default on a Perkins Loan (National Direct Student Loan) or a Guaranteed Student Loan, or a Federally Insured Student Loan or a PLUS or SLS (ALAS) loan. I further authorize my lending institution to issue a check covering the proceeds of my loan, in full, or in part, made payable jointly to me and the school named in Part B of this application. I have read and understand the "Statement of Borrower's Rights and Responsibilities" supplied with this application.

If as a result of a loan approval I am eligible for an in school deferment, I hereby request the lender to grant such deferment.

I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount, the fee amounts, due dates, and grace period.

**NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

**CERTIFICATE OF INDEBTEDNESS #1 OF 1**

Gene L. Moretti
Aka: Gene Louis Moretti
11 Bronx River Rd. Apt. 3I
Younkers, NY 10704
Account No. XXXXX2887

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 05/05/08.

On or about 08/09/87, the borrower executed promissory note(s) to secure loan(s) of $2,600.00 from Chemical Bank (Jericho, NY). This loan was disbursed for $2,600.00 on 12/21/87, at 8.00 percent interest per annum. The loan obligation was guaranteed by New York State Higher Education Services Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 06/30/91, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,799.45 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and 08/14/95, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $113.85 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,995.75 |
| Interest: | $3,399.58 |
| Total debt as of 05/05/08: | $6,395.33 |

Interest accrues on the principal shown here at the rate of $0.66 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 6/9/08

Loan Analyst
Litigation Support